| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO:  16-12720** |
| **0.242 ACRES OF LAND, MORE OR LESS IN PARISH OF PLAQUEMINES STATE OF LOUISIANA, AND ESTATE OF CHARLES COLOMBEL AND ESTATE OF LEONORA RODI COLOMBEL, ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States of America's Motion for Determination of Title and to Determine Just Compensation (Doc. #46) is **GRANTED**.

**IT IS FURTHER ORDERED** that prior to title vesting in the United States of America, ownership of the property was held by the persons listed in this Order and Reasons.

**IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 145E, payable by the United States to the defendants/claimants, is the sum of $21,800.

**IT IS FURTHER ORDERED** that the United States of America will submit a proposed judgment consistent with this Order and Reasons within 21 days of the date of this Order and Reasons.

## BACKGROUND

This matter is before the court on the United States's motion for determination of title and just compensation.

On July 13, 2016, the United States filed this action condemning 0.242 acres of land in Plaquemines Parish, Louisiana ("Tract 145E") for the public use of flood protection.  Thereafter, the United States deposited $21,800 into the court's registry, at which time title vested in the United States.

The United States has identified the persons that may have an ownership interest in Tract 145E. The property was purchased by Charles Colombel and his wife, Lenora Rodi Colombel, by Act of Cash Sale in 1908. Both Mr. and Mrs. Charles Colombel died intestate, and they had seven daughters, who are all deceased. Three of the Colombel's daughters died without issue, and the other four have numerous descendants. The United States determined that, due to the law of intestate successions, ownership of Tract 145E was likely held by 37 living heirs of Charles and Lenora Rodi Colombel. The estates of all of the Colombel's decedents who died intestate and all of the Colombel's known living heirs were named in this proceeding.

After recording the Notice of Lis Pendens with the Plaquemines Parish Clerk of Court, the United States obtained an updated title through the date of the Notice to ensure that all parties potentially holding an interest in Tract 145E had been named in this proceeding. The title contractor determined that the Affidavits of Heirship that the United States Army Corps of Engineers obtained during the negotiations with the heirs and filed into the public record were sufficient to identify the 37 living heirs of Charles and Lenora Rodi Colombel as the owners of Tract No. 145E prior to the United States's filing of the Declaration of Taking. These 37 living heirs had already been named as defendants/claimants in this proceeding. Thus, it was unnecessary to add parties hereto. None of the defendants/claimants have appeared or answered.

Prior to filing this civil action, the United States obtained a trial appraisal of Tract 145E that estimated the value Tract 145E to be $21,800.

On May 24, 2018, the United States filed the instant motion to determine title and just compensation. To assist the court in rendering a decision the United States filed the Department of

two versions of the Army Interim Binder on Owner's Title Guarantee (Insurance) Policy, and the Appraisal Report. All of these documents explain the Colombel's family history and the ownership and value of Tract 145E.

On May 25, 2018, this court ordered that the motion would be submitted for hearing on the papers on July 18, 2018, because no defendant has appeared or answered. On July 5, 2018, this court granted the United States's motion for leave to file proof of publication. The proof of publication states that on three occasions in June 2018 in the Times-Picayune an announcement that the court would determine ownership and just compensation issues relative to Tract 145E on July 18, 2018.

## ANALYSIS

### I.      Ownership of Tract 145E

A federal court sitting in a condemnation case is authorized to determine who among the competing claimants held title to land prior to its condemnation. Clark v. White, 185 F.2d 528, 530 (5th Cir. 1950). Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, the district court "tries all issues, including compensation, except when compensation must be determined by [a specially constituted tribunal or by a jury]." Thus, this court has jurisdiction to determine whether a defendant/claimant has a compensable interest and is entitled to present evidence as to just compensation as to that issue.

The United States has filed an *amicus curiae* memorandum regarding ownership issues and has identified the persons and estates that might have an ownership interest in Tract 145E, as outlined in the title examiner's review of the chain of title. The United States submits that the following 37 people have ownership interests in Tract 145E:

| Claimant | Interest | Amount |
|---|---|---|
| Numa Eugene Dennis, Jr. | 0.125 | $2,725.00 |
| Charles Paul Dennis, Jr. | 0.125 | $2,725.00 |
| Theresa Duplessis Hockenberger a/k/a Theresa Duplantis Hockenberger | 0.083 | $1,816.67 |
| Yvonne Marie Duplantis Regan a/k/a Yvonne Marie Duplessis Regan | 0.083 | $1,816.67 |
| Robert Guy Burgess, Jr. | 0.021 | $454.17 |
| Hope Starkey Henderson a/k/a Hope Anderson | 0.021 | $454.17 |
| Ashley R. Bitoun | 0.005 | $113.54 |
| Jacqueline Bitoun | 0.005 | $113.54 |
| Joelle Bitoun Amedio | 0.005 | $113.54 |
| Theresa Bitoun Prattini | 0.005 | $113.54 |
| Lydia Smith | 0.005 | $113.54 |
| Charles Smith | 0.005 | $113.54 |
| Johnny Smith | 0.005 | $113.54 |
| Michael Smith | 0.005 | $113.54 |
| Naomi Jean Cash | 0.083 | $1,816.67 |
| Melina Maria Reynolds Wolfe | 0.042 | $908.33 |
| Sharon Ann Reynolds Chatelain | 0.042 | $908.33 |
| Terry Lynn Casbon Dugas | 0.028 | $605.56 |
| Michael J. Casbon | 0.028 | $605.56 |
| Andrew M. Casbon, Jr. | 0.028 | $605.56 |
| Ruby Hingle Dudley | 0.036 | $778.57 |
| Thelma M. Barrios Hingle | 0.036 | $778.57 |
| Joseph Anatole Hingle | 0.036 | $778.57 |
| Jamie Cochran King | 0.018 | $389.29 |
| Nichole Cochran Solis | 0.018 | $389.29 |
| Linda Lee Hingle Wineski | 0.018 | $389.29 |
| Murphy F. Hingle, Jr a/k/a Butch Hingle | 0.018 | $389.29 |
| Anastasia Hingle Taylor | 0.009 | $194.64 |
| Cynthia Hingle Taylor | 0.009 | $194.64 |
| Elisa Hingle Lightell | 0.009 | $194.64 |
| Vickie Lynn Hingle Prout | 0.009 | $194.64 |
| Kathleen Hingle Romagosa | 0.006 | $129.76 |
| Delia Hingle Barrios | 0.006 | $129.76 |
| Charmaine Julia Hingle | 0.006 | $129.76 |
| Billy John Hingle | 0.006 | $129.76 |
| Warren Dwayne Hingle | 0.006 | $129.76 |
| Berthney Anthony Hingle, Jr. | 0.006 | $129.76 |

None of the persons identified by the title examiner and given notice by the United States have filed either an appearance or an answer in these proceedings. The United States published on

three occasions in June 2018 in the Times-Picayune an announcement that the court would determine ownership and just compensation issues relative to Tract 145E on July 18, 2018. There being no challenge or additional evidence to consider with respect to ownership, this court is persuaded by the United States's submission, which is based on a title examination and the title policy on Tract 145E. Considering the evidence presented the court finds that, the list of 37 payees comprise the owners of compensable interests in Tract 145E at the time of its taking, and each are therefore entitled to just compensation for the public taking of Tract 145E.

## II.    Just Compensation

In this case, there is no jury demand. Thus, the court may make a determination of just compensation. Fed. R. Civ. P. 71.1(h). Pursuant to Rule 71.1(e)(3), "a defendant - - whether or not it has previously appeared or answered - - may present evidence on the amount of compensation to be paid and may share in the award." Although the United States published notices in the newspaper, nobody has appeared to contest the United States's submission as to just compensation.

Just compensation is the fair market value of the property on the date of its appropriation. Kirby Forest Indus., Inc. v. United States, 104 S.Ct. 2187, 2194 (1984). The United States has presented an appraisal of the property that states that just compensation in the amount of $21,800 is proper and appropriate. No party has contested the United States's just compensation valuation or submitted an alternative estimate of just compensation. The record supports a finding that $21,800 is the fair market value of Tract 145E. Accordingly, the court finds that $21,800 constitutes just compensation for the taking of Tract 145E.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States of America's Motion for Determination of Title and to Determine Just Compensation (Doc. #46) is **GRANTED**.

**IT IS FURTHER ORDERED** that prior to title vesting in the United States of America, ownership of the property was held by the persons listed in this Order and Reasons.

**IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 145E, payable by the United States to the defendants/claimants, is the sum of $21,800.

**IT IS FURTHER ORDERED** that the United States of America will submit a proposed judgment consistent with this Order and Reasons within 21 days of the date of this Order and Reasons.

New Orleans, Louisiana, this ___19th___ day of July, 2018.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**